# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO AYALA, | Case No. 09cv1946 BTM (NLS) |
| Plaintiff, | **ORDER GRANTING MOTIONS TO DISMISS** |
| v. | |
| BANK OF AMERICA, et al., | |
| Defendant. | |

Defendants Bank of America and Guild Mortgage Company have both filed Motions to Dismiss [Docs. 26, 27]. Plaintiff has not opposed them. For the following reasons, the Court **GRANTS** the Motions and **DISMISSES** the Complaint in its entirety.

## I. BACKGROUND[1]

In May 2006, Plaintiff borrowed $336,000 and $84,000 from Defendant Guild Mortgage Company in two separate loans to purchase real property at 7526 Zemco Drive, Lemon Grove, California 91945. When he executed the loans, Plaintiff did not receive a Notice of Right to Cancel and "other related [m]aterial" which Plaintiff contends was required by the Truth in Lending Act ("TILA").

In July 2006, Guild Mortgage assigned the loans to "Impac Funding Corporation, in

---

[1] The following are merely allegations in the Complaint, not the Court's factual findings.

care of Countrywide Home Loans in violation of the 'TILA.'" (Compl. ¶ 11.) Then in October 2008, "Countrywide Home Loans had sold the subject property to" Defendant Bank of America. (*Id.* at ¶ 12.)

Plaintiff then alleges a confusing set of facts. In November 2007, over a year after Plaintiff obtained the original loans, two people named Farnum and Wiekle, on behalf of Guild Mortgage, told Plaintiff that he was qualified for the loans in question. And they falsified an "'obligations of person under its note' in the amount of an adjustable interest rate to its advantage. By doing so, these Defendants represented to the Federal Government that Plaintiff had a sufficient credit score to ascertain and make payment on the 'obligations of person under its note' in question. In reliance upon these representations, and Guild Mortgage Company issued a loan to Plaintiff in the amount aforementioned." (*Id.* at ¶¶ 13–14.) It is unclear whether Plaintiff alleges that in November 2007 he borrowed new amounts, whether he executed new documents related to his original loans, or whether the November 2007 date is a typographical mistake.

In any event, Plaintiff admits he could not make his monthly payments on the loans and defaulted. (Compl. ¶ 20.)

Plaintiff alleges the following causes of action: (1) fraud and misrepresentation, (2) conspiracy to defraud, (3) breach of contract, (4) breach of covenant of good faith and fair dealing, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) injunctive relief, and (8) declaratory relief.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v.*

*Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

### III.  DISCUSSION

**A.     First Cause of Action – Fraud and Misrepresentation**

There are at least two reasons to dismiss Plaintiff's claim for fraud and misrepresentation. First, claims for fraud have a three-year statute of limitations. Cal. Code Civ. Proc. § 338(d). Plaintiff alleges the Defendants committed fraud when they told him his income was sufficient to make payments on the loans. Plaintiff executed the loans in May 2006, but he filed this action in August 2009, which is beyond the three-year period. Although the claim may be subject to tolling, Plaintiff has not alleged a basis for tolling.

Second, even if Plaintiff filed this action within the limitations period, he has not pled the elements of fraud with specificity. The elements of fraud are "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1255 (2009). Not only has Plaintiff failed to allege each element with the requisite level of specificity, Plaintiff is unable to allege justifiable reliance on Defendants' alleged misrepresentations regarding the loan because Plaintiff had access to and signed the loan documents. *Brookwood v. Bank of America*, 45 Cal. App. 4th 1667, 1674 (1996) ("Reliance on an alleged misrepresentation . . . is not reasonable when plaintiff could have ascertained the truth through the exercise of reasonable diligence. Reasonable diligence requires the reading of a contract before signing it.")

For these reasons, the Court dismisses Plaintiff's First Cause of Action.

**B.     Second Cause of Action – Conspiracy to Defraud**

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (1994) (citations omitted). Thus, in order to allege a claim for civil conspiracy to commit fraud one must also allege that a fraud has been committed. *See id.*

Here, the Court has ruled that Plaintiff's claim for fraud is time barred and that Plaintiff cannot plead justifiable reliance on Defendants' alleged misrepresentations. Thus, he has failed to plead the underlying tort and his Second Cause of Action for conspiracy must also be dismissed.[2]

**C.     Third Cause of Action – Breach of Contract**

The elements of a claim for breach of contract are (1) the existence of a contract, (2) plaintiff's performance or excuse of performance, (3) defendant's breach, and (4) damage to plaintiff. *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). Plaintiff claims that Defendants "breached their agreement with Plaintiff by defrauding him into 'signing' for another loan using his 'credit' as collateral, at a grossly inflated rate and by failing to give Plaintiff his Right to Cancel Notice and Material Disclosure under the Act." Plaintiff fails to specify which contract Defendants breached by getting him to sign for another loan. Moreover, Plaintiff fails to allege whether the contract is written, oral, or implied. Even assuming the contract is a written one, Plaintiff neither sets forth the provisions allegedly breached by Defendants nor attaches the contract to the Complaint.

---

[2] Plaintiff also mentions a violation of TILA under this cause of action, but fails to allege how Defendants violated TILA. This allegation is too vague to state a claim for relief. *See Iqbal*, 129 S. Ct. at 1949.

These failures are fatal to Plaintiff's claim.  *See Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985) (upholding dismissal of breach of contract claim because complaint made no mention of whether the contract was written or oral and did not contain contract's terms).

For these reasons, the Court dismisses Plaintiff's Third Cause of Action.

**D.    Fourth Cause of Action – Breach of Covenant of Good Faith and Fair Dealing**

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990).  Here, Plaintiff has failed to allege the existence of a valid contract and therefore his breach of the implied covenant of good faith and fair dealing claim must be dismissed.

**E.    Fifth Cause of Action – Intentional Infliction of Emotional Distress**

In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publishing Co.*, 100 Cal. App. 4th 736, 744–45 (2002).  The defendant's conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (1989).  And where "physical harm has not resulted from the emotional distress, the courts tend to look for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious. *See In Perati v. Atkinson*, 213 Cal. App. 2d 472, 474 (1963).

Plaintiff's allegations supporting his claim for intentional infliction of emotional distress are sparse and conclusory.  Plaintiff states that Defendants' conduct was "intentional and malicious and done for the purpose of causing Plaintiff to suffer mental anguish."  Plaintiff

fails to specify to which of Defendants' acts he refers.  And he does not allege any facts at all showing that Defendants' conduct was extreme and outrageous.  Lastly, his threadbare claims regarding his "frustration, depression, nervousness, and anxiety" lack specificity and are insufficient.  Plaintiff has failed to plead the elements of his claim and the Court therefore dismisses his Fifth Cause of Action.

### F.    Sixth Cause of Action – Negligent Infliction of Emotional Distress

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation and damages apply." *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 126 (2002).  A lender owes no duty of care to a borrower, unless "the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  *See Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (quoting *Connor v. Great West. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 864 (1968).

Here, Plaintiff cannot establish that Defendants owed him a duty because he does not allege that Defendants were anything more than the "usual money lender."  *See Wagner*, 101 Cal. App. 3d at 35.  Moreover, Plaintiff again makes only a threadbare recital of damages, stating only that Defendants caused "outrageous and severe emotional distress to Plaintiff."  These damage allegations are insufficient to state a claim.  *See Bogard v. Employers Cas. Co.*, 164 Cal. App. 3d 602, 617 (1985) ("Severe emotional distress means, then, emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it.").

Accordingly, the Court dismisses Plaintiff's Sixth Cause of Action.

### G.    Seventh Cause of Action – Injunctive Relief

Injunctive relief is not a cause of action; it is a remedy.  *E.g., Marlin v. Aimco Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007).  Accordingly, the Court dismisses Plaintiff's Seventh Cause of Action.

**H.      Eighth Cause of Action – Declaratory Relief**

In this cause of action, Plaintiff states that an "actual controversy has arisen between Plaintiff and the Defendants," and Plaintiff believes that "Defendants have improperly misrepresented various facts . . . . Under these circumstances a judicial declaration is necessary . . . in order that Plaintiff may ascertain his right with respect to the subject loans." Plaintiff does not specify, and it is unclear to the Court, what type of declaration he seeks. Furthermore, this cause of action appears to be duplicative of Plaintiff's misrepresentation claims. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (affirming dismissal of cause of action as duplicative). For these reasons, the Court dismisses Plaintiff's Eighth Cause of Action.

**I.      Rescission**

Lastly, although he does not state it clearly, Plaintiff may seek rescission of the loans at issue. But whether he seeks rescission or not, this remedy is unavailable to him under his TILA claims. That is because the right of rescission "does not apply to – a residential mortgage transaction." 15 U.S.C. § 1635(e)(1). And a residential mortgage transaction is defined as a "transaction in which a mortgage [or] deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Here, plaintiff alleges he received the loans at issue in connection with the purchase of his home. Thus, despite the alleged TILA violation, TILA does not give him a right of rescission.

Moreover, under California law, the party seeking rescission must restore, or offer to restore, to the non-rescinding party all consideration received under the contract. *See* Cal. Civ. Code § 1691(b); *see also Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (Courts have the power to confirm that a borrower "could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits."). Plaintiff, however, has not done so. Nor has he demonstrated that he is capable of doing so. *See Karlsen v. Amer. Sav. & Loan Ass'n,* 15 Cal. App. 3d 112, 118 (1971) ("Simply put, if the

offeror 'is without the money necessary to make the offer good and knows it . . .' the tender is without legal force or effect").

### J.    TILA Violations

Although Plaintiff does not allege TILA violations as a distinct cause of action, he mentions TILA violations several times throughout the complaint and in connection with several of his causes of action.  To the extent that Plaintiff alleges a cause of action for TILA violations, the Court addresses it here.

The time period for bringing an action under TILA for rescission is three years.  15 U.S.C. § 1635(f).  As discussed above, rescission is unavailable to Plaintiff under TILA because his allegations concern a purchase-money mortgage and because he has not demonstrated his ability to restore the consideration he received under the loan.  But even if he could, he filed his action in August 2009, which is over three years from the date he executed the loans in May 2006.

TILA actions for damages must be filed within one year of the violation.  15 U.S.C. § 1640(e).  Plaintiff filed this action well over one year after the alleged violations occurred and therefore his TILA claims, to the extent he makes them, must be dismissed.

### K.    Claims Against the Bank of America

Plaintiff's Complaint appears to focus on the origination of the two loans which were used to purchase his property.  The First Amended Complaint contends that the loans were subsequently assigned to Impac Funding Corporation, who sold the property to the Bank of America. However, the First Amended Complaint does not specify what the Bank of America did that was in violation of the law. The Plaintiff focuses on alleged illegality in the origination of the loan.  It is unclear what he contends the Bank of America did.  For this reason also, the First Amended Complaint is dismissed against Bank of America without prejudice.

//
//

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss [Doc. 26, 27] and **DISMISSES without prejudice** Plaintiff's Complaint in its entirety.  The Court grants Plaintiff one last chance to file an amended complaint that cures the deficiencies described herein.  Any Second Amended Complaint must be filed within fourteen days of the entry of this order.

**IT IS SO ORDERED.**

DATED:  April 16, 2010

Honorable Barry Ted Moskowitz
United States District Judge